## Gagnon *v.* Speback, Appellant.

18

Argued March 28, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Harry Alan Sherman,* for appellants.

*John S. Simpson,* with him *A. G. Helbling* and *Fisher, Ruddock & Simpson,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, April 22, 1957:

On October 31, 1952, in payment for potatoes sold by plaintiff to them, the individual defendants delivered to plaintiff their judgment note for $15,000 payable fifteen days after date. On November 28, 1952, the individual defendants acquired in their own names three tracts of land in Indiana County, and so acquired a fourth tract on January 12, 1953. The total

recited consideration for all of the lands was $22,200. On January 12, 1953, they mortgaged the lands to an Indiana bank for a loan of $11,500. Thereafter, on March 26, 1953, the defendant corporation was formed, having as its original shareholders and incorporators the two individual defendants and the secretary of their attorney.

Several weeks after incorporation, the individual defendants conveyed the lands to the corporation. Quite significant is that the deed recited a consideration of only one dollar and that only a state transfer tax was paid on the basis of assessed valuation of $6,914. More importantly, however, the individual defendant, Kuzneski, filed his affidavit that no consideration passed for the transfer of the lands to the corporation.

On November 2, 1953, plaintiff entered judgment on his note, in Indiana County, and defendants thereafter filed petition to open. Their petition having been denied, they appealed to this Court (*Gagnon v. Speback,* 383 Pa. 359, 118 A. 2d 744), and the action of the court below was affirmed on November 28, 1955.

Having learned of the transfer of the lands, plaintiff, on December 12, 1953, instituted this action in equity to have the deed of conveyance of lands declared fraudulent and void insofar as his rights against the individual defendants.

Other salient facts are that the stock book of the corporation showed that 124 shares were issued to defendant Kuzneski, 124 to defendant Speback, and 2 to their attorney's secretary. Kuzneski's certificate was endorsed over to Virginia Kuzneski, his wife; Speback's to Mildred Speback, his wife; and the secretary's to the defendants and their wives; presumably on March 27, 1953. It was established that the secretary gave nothing to the corporation nor did she have anything to do with it. Kuzneski admitted that nei-

ther he nor Speback received consideration for the conveyance, and that neither of them had other assets when they made the conveyance. Their contention was that purchase was originally made for the corporation and that .it was entitled to ownership, but Kuzneski failed to explain the source of the money used in the purchase. It was also established that considerable sums were paid to the individual defendants as salaries and expenses during the years 1953, 1954 and 1955, they apparently operating the business as fully as they had before incorporation. Pertinent also to determination of the matter involved is the fact that the only witness produced by defendant was Kuzneski; neither the wives, secretary, nor any other "interested" parties appearing at the hearing.

The chancellor found that the conveyance was fraudulent as to plaintiff and ordered reconveyance to the individual defendants to protect plaintiff's rights, subject to the rights of the Indiana bank under its mortgage.

. The findings of the chancellor, supported by competent evidence and affirmed by the court below en banc, have the weight of a jury's verdict, and are binding upon this Court. An examination of this record clearly reveals adequate and full justification for the chancellor's findings. It can lead only to the conclusion that everything that was done by the defendants had but one purpose,—avoidance, in extremely bad faith, of their obligation to plaintiff. To sustain defendants' contentions would be to disregard the obvious.

Nor does the existence of the corporation effect the result. In *Tucker v. Binenstock*, 310 Pa. 254, 263, 165 A. 247, as in numerous other cases, we declared: "The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed

to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the *fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless."* (Italics supplied). See also *Great Oak Building & Loan Association v. Rosenheim,* 341 Pa. 132, 19 A. 2d 95, where this rule was invoked under similar circumstances.

These defendants gratuitously conveyed the lands to the corporation, the stock of which was issued to them, and then to their wives who paid nothing for it, and they received to themselves the bulk of the monies of the corporation through salaries and expenses. The fraud was very apparent from the records, and taken into consideration with Kuzneski's testimony, constituted evidence wholly sufficient to sustain the chancellor's findings. The fraud was not "presumed," as defendants contend, but was found upon facts, and plaintiff sustained his burden of proof thereof. Cf. *Miller v. South Hills Lumber and Supply Company,* 334 Pa. 293, 6 A. 2d 92.

Decree affirmed at appellants' costs.

Mr. Justice MUSMANNO dissents.