## Sherman, Appellant, *v.* Buffington Township Farms.

Argued October 2, 1957. Before JONES, C. J., CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Harry Alan Sherman,* in propria persona, for appellants.

*John S. Simpson,* with him *A. G. Helbling, Merle A. Wolfson, John G. Patterson, II* and *Fisher, Ruddock & Simpson,* for appellee, intervenor.

OPINION BY MR. CHIEF JUSTICE JONES, November 11, 1957:

The appellants, Harry Alan Sherman and Ruth Frances Sherman, his wife, as plaintiffs, on February 2, 1956, caused a judgment to be confessed in the Court of. Common Pleas of Indiana County against the defendant, Buffington Township Farms, Inc., upon a bond of the defendant secured by a mortgage of certain realty. The same day the plaintiffs issued on the judgment a writ of *fieri facias* by virtue whereof the

sheriff levied upon and seized the mortgaged real estate according to descriptions attached to the writ. On March 5th following, the plaintiffs issued a writ of *venditioni exponas* which directed the sheriff to expose to public sale the real estate so levied upon.

On May 7, 1956, Edward P. Gagnon petitioned the court, under the Act of July 9, 1897, P. L. 237, 12 PS §911, for a rule on the plaintiffs to show cause why the execution should not be stayed pending inquiry into the validity and possible setting aside of the judgment as invalid and fraudulent. The plaintiffs answered Gagnon's petition, on the merits, denying in the main that the petitioner had reasonable basis for belief that either the judgment or execution proceedings thereon were invalid or fraudulent and averring further that the petitioner could not support any such belief by proofs. Wherefore, the plaintiffs moved the court to dismiss the petition.

After argument by counsel on the pleadings, the court, on August 30, 1956, entered the following order: "The petition in this case is dismissed, however, any execution issued on this judgment is stayed pending a final decision in regard to the action at No. 1 March Term, 1954 (Equity) or until further order of court." That is the order which the plaintiffs have presently appealed.

The portion of the order that relates to the matter then *coram judice* is that "The petition in this case is dismissed" which definitively put an end to Gagnon's effort under the Act of 1897, supra, to question the validity of the plaintiffs' judgment. What the court thus ordered is exactly what the plaintiffs sought by their answer. They are not, therefore, parties aggrieved with standing to appeal with respect to the dismissal of Gagnon's petition. Nor do they complain of the stay which the court coupled with its dismissal order. The stay

was to endure pending *final* decision in the equity suit at No. 1 March Term, 1954, to which proceeding the order made due reference. The indicated equity suit had been instituted by Edward P. Gagnon, as a judgment creditor of Charles Speback and Andrew Kuzneski, against Speback, Kuzneski and the present defendant, Buffington Township Farms, Inc., to have declared fraudulent and void, as to Gagnon's judgment, the deed from Speback and Kuzneski to Buffington Township Farms, Inc., for the real estate which is the subject of Buffington Farms' mortgage to the Shermans. The court below had already entered a decree in that case, granting Gagnon the relief prayed for, which, on appeal to this court by Speback, Kuzneski and Buffington Township Farms, Inc., was later affirmed: See 389 Pa. 17, 21, 131 A. 2d 619.

The appellants' real complaint (and the only thing to which they excepted) is a finding by the court below, preliminary to its order dismissing Gagnon's petition, that (in view of its adjudication and decree at No. 1 March Term, 1954, that Speback's and Kuzneski's transfer of their realty to Buffington Township Farms, Inc., was fraudulent and void as to Gagnon) "the judgment entered at No. 260 December Term, 1953 [i.e., Gagnon's judgment against Speback and Kuzneski] is a prior lien to this mortgage and bond [from Buffington Township Farms, Inc., to Harry Alan Sherman and wife] on the lands upon which levy has been made." What the court thus said about Gagnon's judgment being a lien prior to the mortgage from Buffington Township Farms, Inc., to the Shermans was merely a recital in justification of the stay of execution which the court was about to impose. The finding was not a part of the court's order nor was it an adjudication of a matter then before the court. A determination of substantive rights does not emanate from a proceeding

458

that is dismissed, as here, for want of standing of the complaining petitioner.

Appeal dismissed.

Mr. Justice BELL took no part in the consideration or decision of this case.

Mr. Justice MUSMANNO dissents.