International Union of Operating Engineers, Appellant, *v.* Linesville Construction Co.

Argued April 22, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

*Daniel W. Cooper,* with him *Stanford A. Segal,* and *Gatz, Cohen, Segal & Koerner,* for appellant.

*Henry W. Ewalt,* with him *Reding, Blackstone, Rea & Sell,* for appellees.

OPINION BY MR. JUSTICE EAGEN, July 15, 1974:

Linesville Construction Company [Linesville] is a corporation engaged in the construction business with offices in Linesville, Pennsylvania. International Union of Operating Engineers, Local No. 66, AFL-CIO [Union] is a labor organization engaged in representing employees in effecting collective bargaining agreements. Linesville and Union are parties to a collective bargaining agreement dated September 11, 1969, covering employees of Linesville who are members of Union. Section D of Article I of this agreement provides as follows: "That if and when Employer shall perform work covered by this Agreement under its own name, under the name of another, as a corporation, company, partnership, enterprise, or any combination, including a joint venture, this Agreement shall be applicable to all such work performed under the name of Employer or the name of any other corporation, company, partnership, enterprise, combination or joint venture."

On September 11, 1973, Union filed this action in equity in the Court of Common Pleas of Elk County complaining that Utility Constructors, Inc. [Utility] was engaged in constructing a pipe line in Elk County; that the owners of Linesville and Utility are one and the same, using the same equipment and personnel; that the construction being performed by Utility is work covered by the agreement existing between Linesville and Union; and that Utility was created by Linesville for the purpose of evading its obligations under its agreement with Union. Linesville and Utility were named defendants in the action and Union requested

the court to enjoin the defendants from continuing with the construction of the pipe line, referred to before, until the terms and conditions of employment provided for in the existing agreement between Union and Linesville were complied with. The complaint also requested the court to award Union damages from Linesville and such further relief as the facts warranted.

On September 24, 1973, Utility filed preliminary objections to the complaint[1] in the nature of a demurrer; a motion to dismiss for lack of equitable jurisdiction; a petition raising the issue of non-joinder of necessary parties; and a motion for a more specific statement. On October 9th, the trial court heard oral argument on the preliminary objections, at the conclusion of which counsel for both sides suggested that if a record were made this might aid the court in the disposition of the issues raised by the preliminary objections. The court gave its assent to this procedure. Witnesses were then called by Union and, upon completion of this testimony, counsel for Utility made an oral motion that its preliminary objections be sustained. The court then entered the following decree: "Now, October 9, 1973, after full consideration of the foregoing motion of counsel for defendants, testimony received on behalf of plaintiff, oral arguments and authorities cited, plaintiff's complaint is dismissed with prejudice and the Preliminary Objections filed by the defendant Utility Constructors, Inc., are sustained. Costs on the plaintiff."

Union filed a timely appeal from this decree, and on January 7, 1974, the court filed a brief memorandum in support of its decree. In this memorandum, the court indicated two preliminary objections to the com-

---

[1] A reading of the brief filed in this Court by Linesville and Utility as "appellees" would lead to the conclusion that both Linesville and Utility filed these preliminary objections, but the printed record shows otherwise.

plaint were sustained: (1) the demurrer; and (2) the objection challenging equity's jurisdiction. In sustaining the demurrer, the court said, "the plaintiff failed to meet the burden of proof with respect to objection No. 1" [the demurrer], and then made reference to "the burden of proof or standards necessary for the mandatory type of injunction prayed for. . . ."

It is clear that both the court and counsel were confused as to what is to be considered in determining the merits of a preliminary objection to a complaint in the nature of a demurrer. Rule 1028 of the Pennsylvania Rules of Civil Procedure, which authorizes the filing of preliminary objections to a complaint, never intended that testimony or anything outside of the complaint are to be considered in disposing of the questions of law raised by a demurrer to the complaint. Such issues are to be resolved by the court on the basis of the pleadings alone. 2A Anderson Pa. Civ. Prac. §1028.8 (1969). Moreover, where a preliminary objection to the complaint in the nature of a demurrer is filed, there is no burden on the plaintiff to prove the cause of action. The issue then before the court, and the only issue is, whether the facts in the complaint itself are sufficient to entitle the plaintiff to relief. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970). Hence, it is clear the court should not have sustained the demurrer to the complaint instantly on the basis of the testimony introduced.

However, our inquiry may not stop here, for if the action of the court were correct, although for an incorrect reason, we should still affirm. See *Sherwood v. Elgart,* 383 Pa. 110, 117 A.2d 899 (1955). Hence, our discussion will now be directed to: (1) Does the complaint state a cause of action? and (2) Does equity have jurisdiction? These questions will be discussed in reverse order.

"Appellees" argue equity lacks jurisdiction because Union has an adequate remedy at law in an action against Linesville for breach of contract. However, in several decisions this Court has sustained equity's jurisdiction to enforce collective bargaining agreements. See *International Union of Operating Engineers v. Hallstrom,* 432 Pa. 628, 248 A.2d 315 (1968); *Philadelphia Marine Trade Association v. International Longshoremen's Association, Local Union No. 1291,* 382 Pa. 326, 115 A.2d 733 (1955); and *General Building Contractors' Association v. Local Union No. 542,* 370 Pa. 73, 87 A.2d 250 (1952). Moreover, Union in seeking enforcement of its bargaining agreement with Linesville is not only concerned with Linesville's compliance with the wage scale specified in the agreement, but also with the protection of other rights given Union in the agreement, such as the Union security provision, safety standards, the right of Union to agree on the number of workers to be employed on the job, the method of hiring, etc. Finally, in order for Union to sustain a cause of action against Linesville, it must establish facts to warrant piercing the corporate veil of Utility. A court of equity is peculiarly adapted to resolve this problem. Cf. *Gagnon v. Speback,* 389 Pa. 17, 131 A.2d 619 (1957); *Warren v. Motion Picture Machine Operators,* 383 Pa. 312, 118 A.2d 168 (1955); and *Love v. Clayton,* 287 Pa. 205, 134 A. 422 (1926).

Does the complaint state a cause of action? In resolving this issue, we must bear in mind that preliminary objections to a complaint in the nature of a demurrer admit every well pleaded material fact, plus all reasonable inferences therefrom. Furthermore, such a preliminary objection should be sustained only where it appears with certainty, upon the facts averred, the law will not allow the plaintiff to recover. *Papieves v. Kelly,* 437 Pa. 373, 263 A.2d 118 (1970). See also

*Borden v. Baldwin,* 444 Pa. 577, 281 A.2d 892 (1971). In our view, this is not such a case.

In essence, the complaint avers Linesville is performing work covered by its agreement with Union under the guise of another corporation in order to circumvent the terms of its agreement. In short, it avers Utility is the alter ego of Linesville. If this is established at trial, public policy requires that Linesville be not permitted to evade its obligation under its agreement with Union by performing work covered by that agreement through an alter ego corporation, and that the latter corporation, although not a signatory to the agreement, be ordered to be held to the agreement. Cf. *Botwinick v. Credit Exchange, Inc.,* 419 Pa. 65, 213 A.2d 349 (1965); *Zubik v. Zubik,* 384 F.2d 267 (3d Cir. 1967), cert. denied, 390 U.S. 988, 88 S. Ct. 1183 (1968); and *McLaughlin v. L. Bloom Sons Co.,* 206 Cal. App.2d 848, 24 Cal. Rptr. 311 (1962).

Decree reversed, and the record is remanded for further proceedings in accordance with this opinion. Costs on appellees.

Mr. Justice POMEROY concurs in the result.

Mr. Justice MANDERINO took no part in the consideration or decision of this opinion.