329 A.2d 511
In re ESTATE of Gilbert F. RILEY, Deceased.

**Appeal of Russell J. RILEY et al.**

Supreme Court of Pennsylvania.
Argued Nov. 13, 1973.
Decided Dec. 5, 1974.

Gary H. McQuone, Ruffin, Hazlett, Perry & Lonergan, Pittsburgh, for appellants.

William B. Ball, Joseph S. Skelly, Ball & Skelly, Harrisburg, Patrick E. O'Leary, Thomas G. Peoples, Jr., Altoona, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellants are intestate heirs of the late Gilbert Riley, who, 20 days before his death, bequeathed the residue of his estate to St. Michael's Roman Catholic Church of Hollidaysburg. Appellants, by filing timely objections to the executor's First and Final Account, sought to prevent distribution to the Church on the ground that such distribution would be contrary to the Pennsylvania Mortmain Statute, Act of April 24, 1947, P.L. 89, § 7 as amended, Act of April 22, 1970, P.L. 305, No. 98, § 9, 20

P.S. § 180.7. The auditor sustained appellants' objections after a hearing. Exceptions to the auditor's report were filed on behalf of the Church. By order·of August 25, 1972, the lower court dismissed the exceptions and confirmed the auditor's recommendation and proposed distribution. On September 21, 1972, appellees requested reconsideration and reargument of the lower court's order on the basis of a decision of the United States District Court for the District of Columbia, *In Re: Small*, which was decided February 7, 1972. There the District Court held that the Mortmain Statute in the District of Columbia violated the First Amendment. The lower court granted the request for reargument and appellees then proceeded to attack the statute on the basis of the First Amendment and on Fourteenth Amendment due process grounds. The lower court held that the statute did violate the First Amendment and the due process clause and ordered that distribution be awarded to the trustee of the Church. This appeal followed.

Appellants allege that the trial judge erred first in granting reargument and second in holding that the Act of 1947 is unconstitutional.

Although the principle of finality is to be well guarded by our courts, we cannot agree with appellants' position that the principle has been unjustly served in the circumstances of this case. The request for a reargument was made within a reasonable period of time and before the time for filing an appeal had expired, see Rule 1522 of the Pa. Rules of Civil Procedure, 12 P.S. Appendix. Where the lower court has attempted to bring all the facts and relevant law before it upon petition for rehearing filed within the appropriate period of time we can only commend the lower court on its attempt to insure the just and comprehensive resolution of the case.

As to the merits of the ruling below, we affirm the lower court on the basis of our opinion in the case of

*Estate of Cavill,* Pa., 329 A.2d 503 [J–247, 1974, filed this day].[1]

Decree affirmed.

POMEROY, J., filed a dissenting opinion in which EAGEN, J., joined.

POMEROY, Justice (dissenting).

For the reasons set forth at length in my dissenting opinion in *Estate of Cavill,* filed this day, Pa., 329 A.2d 503 (1974), I dissent also from the affirmance of the decree in the case at bar.

EAGEN, J., joins in this dissent.

1. Although the lower court did not invalidate the Mortmain Statute on equal protection grounds as we have done in *Cavill,* the decree must nevertheless be affirmed where the action of the lower court is correct even where an incorrect reason is assigned. *International Union of Operating Engineers, Local No. 66, AFL–CIO v. Linesville Construction Co. & Utility Constructors, Inc.,* 457 Pa. 220, 322 A.2d 353 (1974); *Sherwood v. Elgart,* 383 Pa. 110, 117 A.2d 899 (1955). In view of the *Cavill* decision, we need not consider the constitutional grounds discussed by the court below.