## Amodei v. Ford Motor Company

*John W. Beavers,* for plaintiff.
*Jeffry G. Werl,* for defendant.

GAFNI, *J.,* December 1, 1982—In the above-captioned matter, defendant Ford Motor Company filed preliminary objections in the nature of a demurrer to plaintiff's complaint pursuant to Pa.R.C.P. 1017(b)(4). After a review of the record, this court finds that plaintiff's complaint states a cause of action upon which recovery is possible. Therefore, this court dismisses defendant's preliminary objections.

The alleged facts giving rise to this action are as follows: On March 31, 1980, plaintiffs Guiliano and

Kathleen Amodei purchased a 1980 Lincoln Mercury Mark VI automobile from defendant Ford Motor Company through its agent Kerbeck Brothers Lincoln Mercury, Inc., in Feasterville, Pa. The purchase price of the vehicle was $16,874. After acquiring the automobile, plaintiffs became aware of defects in the vehicle and requested that defendants repair or replace the car. Plaintiffs allege that defendants' numerous attempts to repair the vehicle were unsuccessful. Subsequently, plaintiffs filed their complaint against defendants on June 23, 1982.

In Count I of the complaint, plaintiffs seek recovery for violations arising under the federal Magnuson-Moss Act, 15 U.S.C. §2301 et seq. The act requires that written warranties as to consumer products fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty. The act does not create federal warranties, but serves to regulate the disclosures attending written warranties and to determine the classification of such warranties as "full" or "limited." U.S.C. §2303(a)(1) and (2).

Plaintiffs claim that they are entitled to a refund of the full purchase price under §2304(a)(4). Plaintiffs' contention may be erroneous because Ford provided a general limited warranty and not a full warranty. A full warranty is required before the remedy of revocation of acceptance is available to the purchaser under §2304(a)(4). Nonetheless, plaintiffs may have stated a cause of action under §2302(a) which requires full and conspicuous disclosure of both full and limited written warranties. Section 2302, in relevant part, provides that "any warrantor warranting a consumer product to a consumer by means of a written warranty shall . . . fully and conspicuously disclose in simple and readily

understood language the terms and conditions of such warranty." Plaintiffs contend that Ford failed to provide a copy of the warranty or any information pertaining to its warranty to them.

This court determines that plaintiffs have stated enough facts under §2302(a) of the act to raise the issue of a violation. Therefore, defendant's demurrer as to the Magunson-Moss Act will be denied.

Defendant demurred to each of plaintiffs' counts under the Pennsylvania Commercial Code. These preliminary objections should also be denied since plaintiffs do, in fact, allege sufficient facts in support of their claims.

In Count IV of the complaint, plaintiffs contend that Ford's repeated failure to effectively repair their automobile amounts to willful neglect of their right to have the vehicle repaired. Due to this intentional failure to repair, plaintiffs assert that they are entitled to $50,000 in punitive damages. In their answer to defendant's preliminary objections, plaintiffs do not respond to the punitive-damage issue or allege any facts which support a tort claim.

The Supreme Court of Pennsylvania has not squarely decided whether injuries that can be considered economic loss should be recoverable in tort. Pennsylvania Glass Sand Corporation v. Caterpillar Tractor Company, 652 F.2d 1165 (3rd Cir. 1981), illuminates the distinction between physical injury which is recoverable in tort and economic loss which is not recoverable in tort. The court held that "defects of quality, evidenced by internal deterioration or breakdown, are assigned to the economic-loss category, while the loss stemming from defects that cause accidents of violence or collision with external objects is treated as physical injury." Id. at 1169.

Plaintiffs did not claim that they or anyone else was ever injured in the vehicle or that the vehicle was itself damaged or caused damage to property. Thus, their allegations appear to fall into the category of economic loss.

In Pennsylvania Glass Sand, the court established a three-prong test to distinguish between recovery in tort and recovery in contract in product-liability actions. The elements of the test are: (1) the nature of the defect, (2) the type of risk involved and (3) the manner in which the injury arose. While it is now clear under Pennsylvania law that a hazardous defect in a product which causes physical property damage, even to the product itself, is firmly within the ambit of tort principles, the Pennsylvania Glass Sand test is not absolute. Its vagueness is attributable to the difficult task that the court of appeals sought to accomplish, that is, to articulate the fine line between contract and tort. Indeed, although Pennsylvania Glass Sand resolved a very important question, the decision leaves unresolved a substantial gray area encompassing the numerous factual settings which did not exist in Pennsylvania Glass Sand and which will have to be addressed by other Pennsylvania state and federal courts in the future. Fallon, Christopher C., Physical Injury and Economic Loss — The Fine Line of Distinction Made Clearer, 27 Vil. L. Rev. 483, 497 (1981-82).

One question left unresolved by the Pennsylvania Glass Sand decision is the distinction between physical injury and economic loss. The court noted this difficulty and stated that: "With some products, an accident (physical injury) may not be clearly distinguishable from internal deterioration (economic loss)." 652 F.2d at 1171.

Within months of the court of appeal's decision, a state trial court in Pennsylvania was called upon to

resolve this very issue in Industrial Uniform Rental Co. v. International Harvester Co., 61 Phila. 141 (C.P. Phila. 1981). There, the purchaser of 19 trucks, the majority of which developed cracks and failures in their frames, sought recovery in tort from the manufacturer for the expense of making repairs and replacements. Id. at 144-145. Confronted with the question of whether the damage to the trucks constituted compensable "physical harm," the court, citing Pennsylvania Glass Sand, declared: "A 402A claim for physical harm is maintainable where plaintiff suffers 'losses stemming from defects that cause accidents of violence or collision with external objects.'" Id. at 149. The court, however, characterized the cracked frames as "defects of quality, evidenced by internal deterioration or breakdown" which constitute economic loss, and thus held that plaintiff's damages were not recoverable under strict liability principles. Id.

The applicable legal standard in sustaining or rejecting preliminary objections is clear: "(W)hen the sustaining of defendant's preliminary objections will result in a denial of plaintiff's claim, or a dismissal of plaintiff's suit, preliminary objections should be sustained only in cases which are clear and free from doubt. Dang Perfumes v. Wilkes-Barre Ind. Fund, 248 Pa. Super. 289, 375 A.2d 105 (1977); Borelli v. Barthel, 205 Pa. Super. 442, 448, 221 A.2d 11, 14 (1965). Preliminary objections should be sustained only where it appears with certainty, upon the facts averred, that the law will not allow plaintiff to recover. International Union of Operating Engineers v. Linesville Construction Co., 457 Pa. 220, 224, 322 A.2d 353, 356 (1974).

Plaintiffs contend that Ford Motor Co.'s failure to adequately repair their car is tantamount to willful neglect. Whether plaintiffs can recover under tort

law for damages resulting from defendant's willful neglect is not a question which is free from doubt. Since preliminary objections should only be sustained in cases where the law clearly will not allow plaintiff to recover, defendant's demurrer should be denied.

The within dismissal of defendant's preliminary objections should not be viewed as representing this court's fixed opinion as to the merits of the issues raised. Rather, because the matters have not been fully resolved by our appellate courts, it is appropriate to allow discovery to be completed so that a full record may later be reviewed. In the interim, new cases may be decided which shed light on the distinction between physical injury and economic loss.

## ORDER

And now, this December 1, 1982, upon consideration of defendant Ford Motor Company's preliminary objections to plaintiff's complaint and plaintiff's responsive memorandum of law with regard thereto, it is hereby ordered and decreed that defendant Ford Motor Company's preliminary objections are dismissed. Defendant Ford Motor Company shall have 20 days from notice hereof within which to answer or otherwise plead.