J-A14027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RX BILLING SERVICES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH FAZIO | |
| Appellee | No. 1778 MDA 2015 |

Appeal from the Order Entered September 16, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 15 CV 3669

BEFORE: BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 17, 2017**

RX Billing Services, Inc. ("RX Billing"), appeals from the order entered September 16, 2015, in the Lackawanna County Court of Common Pleas, granting the preliminary objections filed by Joseph Fazio ("Fazio"), and dismissing RX Billing's complaint. On appeal, RX Billing claims: (1) the court erred in finding RX Billing did not set forth a cause of action for abuse of process; (2) the trial court erroneously granted Fazio's preliminary objection by concluding RX Billing failed to set forth a viable claim for wrongful use of civil proceedings pursuant to 42 Pa.C.S. § 8351;[1] and (3) assuming, *arguendo*, the complaint failed to set forth a valid claim, the court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 8351, *et seq.* is commonly known as the Dragonetti Act.

erred in not allowing RX Billing to amend the complaint.[2]  Based on the following, we reverse the order granting Fazio's preliminary objections and remand for further proceedings.

The facts and procedural history are as follows.  James B. Fazio, Michael R. Fazio, and Kelly Gerrity (who collectively make up Appellant, RX Billing) as well as Appellee, Fazio, are all family members who formed the corporation, RX Billing Services, Inc., in 2001 to provide billing services to physicians and medical facilities.

Around 2013, the relationship between RX Billing Services and Fazio turned acrimonious.  Ultimately, Fazio filed a lawsuit in December of 2014 against RX Billing Services in Lackawanna County at Docket No. 14-CV-7438, alleging breach of contract and seeking dissolution of the corporation.  RX Billing Services filed preliminary objections, requesting the suit be dismissed.  Fazio filed a response in January of 2015.  On March 25, 2015, the trial court granted the preliminary objections, and dismissed the complaint with prejudice.  The order read as follows:

> AND NOW, this 25th day of March 2015, it is hereby **ORDERED** AND **DECREED** that [RX Billing]'s Preliminary Objections are hereby **GRANTED**.  THUS, IT IS FURTHER **ORDERED** AND **DECREED** that accordingly, Count I and Count II, are stricken from the Complaint, with prejudice."  (See, 3/25/2015 Order, Lackawanna County docket 14-CV-7438).  As

---

[2]  Based on the nature of our analysis, we have restructured RX Billing's issues for ease of disposition.

the Complaint consisted of Counts I and II, the Order dismissed it in its entirety.

Trial Court Opinion, 9/16/2015, at 2 n.1 (emphasis in original).

On June 4, 2015, RX Billing filed a complaint against Fazio, alleging the following:

8. For more than 10 years, the individual parties harmoniously operated the corporation and over the years, various family members of the parties, including [Fazio]'s wife, worked for the company.

9. Ultimately, [Fazio]'s wife began to fall behind in her work and in July, 2013, she quit.

10. That same month, [Fazio] sent an email to [RX Billing] demanding a list of the business clients within 72 hours and payment of more than $1,000 per month out of the gross receipts of the company. Alternatively, [Fazio] demanded that the individual [p]laintiffs buy out his interest in the company at a ridiculously inflated number which he deemed appropriate.

11. [Fazio] threatened that if his improper and illegal demands were not met, he would file a lawsuit against [RX Billing] herein, even though there was no basis for such a suit.

12. When [RX Billing] refused to submit to [Fazio]'s attempt to extort money, [Fazio], as Secretary of the corporation, continued to participate in corporate affairs and attend corporate meetings. He dissented on every vote which was held and sought to prevent the company from moving forward.

13. Unhappy that he was being outvoted, and that [RX Billing] refused to submit to his improper and illegal demands, [Fazio] made good on his threat of filing a baseless lawsuit.

14. On December 8, 2014, [Fazio] filed a baseless and frivolous lawsuit against [RX Billing] seeking in excess of $50,000.00 all in a malicious effort to harass and intimidate them into submitting to his demands and/or to cause financial and emotional injury to them, knowing that it would cost [RX Billing] money and time to litigate [Fazio]'s baseless suit.

Complaint, 6/4/2014, at 3-4.[3]

On July 7, 2015, Fazio filed preliminary objections to RX Billing's complaint. He alleged RX Billing's complaint fails in the following way:

5. [RX Billing's] complaint fails to identify in a concise form the material facts upon which the purported cause of action is based in that [RX Billing] fail[s] to identify or allege facts which establish an improper purpose/[abuse] of process by [Fazio].

6. [RX Billing's] complaint fails to identify in a concise form material facts to establish the nature or extent of harm/damages.

7. [RX Billing's] complaint fails to state sufficient material facts to establish a claim for abuse of process as it fails to factually specifically identify any actionable harm to [RX Billing] and as it fails to establish or define the alleged monetary loss.

8. [RX Billing's] complaint fails to state sufficient material facts to establish a claim for abuse of process as it fails to factually identify the act or threat not authorized by process.

Preliminary Objections, 7/7/2015, at ¶¶ 5-8.

Oral argument was heard before the court. On September 16, 2015, in an order and corresponding memorandum, the trial court granted Fazio's

---

[3] Fazio, however, asserts the disagreement arose over his "believed failure to receive his share of the Corporation's more than $27,000.00 in earned profits, as well as $6,825.00 in ordinary income, for the tax year 2013," and led him to file the December 2014 lawsuit. Fazio's Brief at 2.

preliminary objections and dismissed RX Billing's complaint. This appeal followed.[4]

Our standard of review regarding a trial court's decision to sustain preliminary objections is well settled:

> Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (internal citation omitted).

> In some contexts, when issues of fact are raised by preliminary objections, the trial court may receive evidence by depositions or otherwise. Pa.R.Civ.P. 1028, 42 Pa.C.S.A.; *Slota v. The Moorings, Ltd.,* 343 Pa.Super. 96, 494 A.2d 1 (1985). However, preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues

---

[4] The court did not order RX Billing to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b).

presented by a demurrer. ***International Union of Operating Engineers, Local No. 66 v. Linesville Construction Company***, 457 Pa. 220, 322 A.2d 353 (1974). In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery. ***Gekas v. Shapp***, 469 Pa. 1, 364 A.2d 691 (1976). If there is any doubt, it should be resolved by the overruling of the demurrer. ***Gekas v. Shapp***, *Id.*

***Mellon Bank, N.A. v. Fabinyi***, 650 A.2d 895, 899 (Pa. Super. 1994).

In RX Billing's first issue, it claims the court erred in concluding it did not set forth an abuse of process claim. ***See*** RX Billing's Brief at 15. Specifically, RX Billing states that in the complaint, it alleged: (1) Fazio used a legal process against it; (2) his actions were used to accomplish a purpose for which the process was not designed – to harass and intimidate RX Billing in attempt to extort money from them; and (3) RX Billing was caused both financial and emotional harm. ***See id.*** at 16-17. RX Billing also asserts:

> [T]he trial court improperly acted as factfinder and concluded that [RX Billing] failed to "demonstrate" or prove that [Fazio] "acted primarily to accomplish a purpose for which the process was not designed." The court concluded that "[RX Billing] fail[ed] to establish [Fazio]'s litigation was primarily to accomplish a purpose other than that which it was designed to accomplish."

*Id.* at 17. Moreover, RX Billing contends the trial court imposed an additional requirement upon RX Billing, wherein the court "found that since the underlying action never made it past the pleading stage, because it was dismissed by the court at its first opportunity, there could not have been an abuse of process." *Id.* at 17-18.

Pennsylvania common law defines a cause of action for abuse of process as follows:

> The tort of "abuse of process" is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. This tort differs from that of wrongful use of civil proceedings in that, in the former, the existence of probable cause to employ the particular process for its intended use is immaterial. The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. In support of this claim, the [plaintiff] must show some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process…; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

***Shiner v. Moriarty,*** 706 A.2d 1228, 1236 (Pa. Super. 1998), *appeal denied,* 556 Pa. 711, 729 A.2d 1130 (1998).

> The gravamen of the misconduct for which the liability stated … is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose, or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed….

***Rosen v. American Bank of Rolla,*** 426 Pa. Super. 376, 627 A.2d 190, 192 (Pa. Super. 1993).

***Lerner v. Lerner***, 954 A.2d 1229, 1238-1239 (Pa. Super. 2008).

Here, the trial court found the following:

Applying the elements of an Abuse of Process claim to [RX Billing's] Complaint reveals the claim must fail, as [RX Billing has] failed to demonstrate [Fazio] acted primarily to accomplish a purpose for which the process was not designed.

Tur[n]ing to the Complaint, [RX Billing] make[s] vague allegations that [Fazio] presented "improper and illegal demands" upon them, and ultimately when such demands were not met, filed a "baseless and frivolous lawsuit." [RX Billing] further allege[s] that [Fazio], while acting within his corporate capacity dissented on every vote in an attempt to derail the corporation. As [RX Billing] fail[s] to establish [Fazio]'s litigation was primarily to accomplish a purpose other than that which i[t] was designed to accomplish, [RX Billing's] claim must fail. Considering the short life-span of the underlying litigation (approximately four months) as well as the fact that the docket reveals it never proceeded past preliminary objections (See, Lackawanna County docket no 14-CV-7438) [RX Billing is] unable to submit that [Fazio] morphed an otherwise legitimate process into an illegitimate one by the methods used to proceed. Clearly, the actions taken in the underlying case were minimal based upon its short life-span.

Trial Court Opinion, 9/16/2015, at 6-7.

We disagree. Our review of RX Billing's complaint reveals that it did sufficiently plead an abuse of process cause of action. Specifically, RX Billing alleged:

14. On December 8, 2014, [Fazio] filed a baseless and frivolous lawsuit against [RX Billing] seeking in excess of $50,000.00 all in a malicious effort to harass and intimidate them into submitting to his demands and/or to cause financial and emotion injury to them, knowing that it would cost [RX Billing] money and time to litigate [Fazio]'s baseless suit.

…

18. Given the baseless nature of the suit which was filed, [RX Billing] wrote to [Fazio] and demanded that he withdraw the baseless suit he filed. See letter attached hereto as Exhibit "A".

19. Instead of withdrawing the baseless suit he filed, [Fazio] again attempted to extort money from [RX Billing] by suggesting they settle the baseless suit he filed.

20. On or about December 23, 2015, [RX Billing] herein filed Preliminary Objections to the baseless and frivolous lawsuit brought against them by [Fazio].

21. On or about March 25, 2015, after briefing and oral argument, this honorable court sustained the Preliminary Objections and dismissed with prejudice the baseless and frivolous Complaint which had been filed. See Order attached hereto as Exhibit "B".

…

24. [Fazio] wrongfully used and abused the legal process against [RX Billing] in an effort to harass and intimidate them into submitting to his unreasonable demands and/or to cause financial and emotional injury to them, knowing that it would cost [RX Billing] money and time to litigate [Fazio]'s baseless suit.

25. [Fazio] used and perverted the legal process in an effort to accomplish purposes for which it was not designed.

26. As a direct and proximate result of [Fazio]'s aforementioned malicious abuses of process, [RX Billing has] been caused to expend considerable time, effort and money to defend the baseless and frivolous suit brought by [Fazio].

Complaint, 6/4/2014, at 4-7.

RX Billing's averments plainly, although generally, set forth the elements for an abuse of process claim: (1) Fazio used the underlying legal suit against RX Billing, (2) with the primary purpose for which the process

was not designed – to harass and intimidate RX Billing into submitting to his demands; and (3) harm, in the form of effort and costs, has been caused to RX Billing. *See Shiner*, *supra*. Indeed, one can reasonably infer the crux of RX Billing's complaint is Fazio misused the underlying legal proceeding to seek retribution for his wife's departure as an employee at the corporation. Based on our standard of review with regard to preliminary objections, at this time in the procedural posture of the case, it is not "clear and free from doubt" that RX Billing "will be unable to prove facts legally sufficient to establish [its] right to relief." *Feingold*, 15 A.3d at 941.

It merits mention again that "preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings" and "no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues[.]" *Mellon Bank, N.A.*, 650 A.2d at 899. Here, and contrary to the trial court's emphasis, we note the duration of a litigation proceeding is not an essential criteria for an abuse of process claim. Whether a lawsuit persists for two weeks or several years, the parties still incur costs to defend, which may constitute harm/damage. Accordingly, we find the trial court erred in determining RX Billing's complaint did not plead, with legal sufficiency, the elements necessary to prove an abuse of process claim.

With respect to RX Billing's remaining two issues, we will address them together. In RX Billing's second issue, it contends the court erred in

concluding that it had failed to set forth a viable Dragonetti Act claim.

Specifically, RX Billing argues its complaint sets forth all the necessary

elements for wrongful use of civil proceedings: (1) Fazio initiated and

continued a civil proceeding against RX Billing; (2) Fazio lacked probable

cause to pursue the suit based on the allegation that after his wife quit

working for the corporation, he threatened to file, and actually did file, a

baseless lawsuit when RX Billing did not submit to his demands, and he

sought to dissolve the corporation by falsely claiming that it was not viable

when he knew that it was; (3) when Fazio was requested to withdraw the

suit, he refused to do so and used the baseless suit in an effort to extort

money from RX Billing Services as well as continuing the baseless process

which he began; and (4) the earlier lawsuit was terminated in favor of RX

Billing. *Id.* at 13-14.[5] With respect to RX Billing's final claim, it states that

_____

[5] Moreover, RX Billing claims:

> Rather than looking at the allegations of the Complaint, the trial court acted as finder of fact and concluded that [RX Billing] failed to present "evidence" or "demonstrate" that [Fazio] acted without probable cause. The trial court improperly concluded that the underlying complaint "demonstrates a [legitimate] dispute between the parties."

> At the preliminary objection stage, [RX Billing] need not present "evidence" or "demonstrate" the strength of their claim. It is for the factfinder at trial, not the court at the preliminary objection stage, to determine if the underlying suit was legitimate. [RX Billing] need only "allege" these things. That was done here and the trial court clearly erred in requiring more.

*(Footnote Continued Next Page)*

if the complaint failed to set forth a valid claim, the court erred in failing to allow an amendment. *Id.* at 18. RX Billing states: "Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend." *Id.*, *citing* **In re Luongo**, 823 A.2d 942 (Pa. Super. 2003), *appeal denied*, 847 A.2d 1287 (Pa. 2003).

Before we may address the merits of these claims, we note RX Billing did not raise a Dragonetti Act cause of action[6] in its complaint. **See**

_(Footnote Continued)_ _____

The court further concluded that the claim fails because the judge in the underlying suit did not issue an opinion as to why that action was dismissed. The court improperly imposed upon [RX Billing] an additional element which is not required in a wrongful use of civil proceedings claim. By requiring proof, in the form of an opinion, that the underlying action was dismissed because it was wrongfully brought, the trial court essentially required [RX Billing] to prove their wrongful use of civil proceedings claim in the underlying action rather than in the current action. This is completely contrary to the law.[2]

_____

[2] Despite [the trial court]'s contention, it is clear that the underlying action was dismissed because it had no basis in law or fact. [Fazio] herein took no appeal from that dismissal.

_____

*Id.* at 14-15 (reproduced record citations).

[6] The Dragonetti Act defines a cause of action for wrongful use of civil proceedings, in pertinent part, as follows:

_(Footnote Continued Next Page)_

Complaint, 6/4/2014, at 2-7. As the trial court points out, RX Billing raised the Dragonetti Act claim for the first time in its brief in opposition to Fazio's preliminary objections. ***See*** Trial Court Opinion, 9/16/2015, at 3-4 ("Although [RX Billing's] Complaint appears to set forth a claim for an Abuse of Process action, [its] brief in opposition to [Joseph Fazio]'s Preliminary Objections indicates the Complaint seeks recovery under the Dragonetti Statute (42 Pa.C.S.A. §8351); however, [RX Billing's] legal argument contained within their brief is focused on the tort of Abuse of Process."); ***see also*** RX Billing's Brief in Opposition to Preliminary Objections, 9/1/2015, at 5-7. Nevertheless, the trial court addressed both causes of action in its companion memorandum to the September 16, 2015, order sustaining Fazio's preliminary objections and dismissing RX Billing's complaint.

*(Footnote Continued)* ────────────

> (a) Elements of action.-- A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> > (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> >
> > (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a). "The essence of the tort of wrongful use of civil proceedings is the institution of a civil action for a malicious purpose and without probable cause." ***Rosen v. Am. Bank***, 627 A.2d 190, 193 (Pa. Super. 1993).

With respect to this procedural predicament, we are guided by the following:

> It is not necessary that a plaintiff identify the specific legal theory underlying the complaint. **Burnside v. Abbott Laboratories**, 351 Pa. Super. 264, 505 A.2d 973, 980 (Pa. Super. 1985); **Weiss v. Equibank**, 313 Pa. Super. 446, 460 A.2d 271, 275 (Pa. Super. 1983). Yet, pursuant to Pa.R.C.P. 1019(a), a complaint must not only apprise the defendant of the claim being asserted, but must also summarize the essential facts to support the claim. **Dickerson v. Brind Truck Leasing**, 362 Pa. Super. 341, 524 A.2d 908, 910 (Pa. Super. 1987); **Burnside**, 505 A.2d at 980; **Weiss**, 460 A.2d at 274-75; **Alpha Tau Omega Fraternity v. University of Pennsylvania**, 318 Pa. Super. 293, 464 A.2d 1349, 1352 (Pa. Super. 1983). If a plaintiff fails properly to plead a separate cause of action, the cause he did not plead is waived. **Garcia v. Community Legal Services Corp.**, 362 Pa. Super. 484, 524 A.2d 980, 982 (Pa. Super. 1987). We recognize that the Rules of Civil Procedure are to be interpreted liberally. **See** Pa.R.C.P. 126. "However, liberal construction does not entail total disregard of those rules concerning pleading." **Duquesne Light Co. v. U.S. Indus. Fabricators**, 334 Pa. Super. 444, 483 A.2d 534, 536 (Pa. Super. 1984).

**Zitney v. Appalachian Timber Prods.**, 72 A.3d 281, 290-291 (Pa. Super. 2013).

Furthermore, Pennsylvania Rule of Civil Procedure 1028 states, in pertinent part: "A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections." Pa.R.C.P. 1028(c)(1). Nevertheless, a panel of this Court has opined:

> A busy trial judge is entitled, and required, to rely on the pleadings in deciding preliminary objections to the sufficiency of the complaint. **See**, **Morley v. Gory**, 2002 PA Super 421, 814 A.2d 762, 764 (Pa. Super. 2002) (preliminary objections in the nature of demurrer require court to resolve issues solely on basis of pleadings). The trial court does not have to use a fine-tooth

- 14 -

comb on each exhibit to see if there is some factual basis for a cause of action not pled by a party. Likewise, there is no obligation to allow an amendment of pleadings after a party loses.

***Phila. Factors, Inc. v. Working Data Grp., Inc.***, 849 A.2d 1261, 1264 (Pa. Super. 2004).

Here, RX Billing did not set forth a separate Dragonetti Act count in its complaint, and more importantly, it did not provide any Dragonetti Act terminology like "grossly negligent manner" or "without probable cause" to maintain such an cause of action. ***See*** 42 Pa.C.S. § 8351(a). Furthermore, Fazio only responded to the abuse of process cause of action in his preliminary objections. ***See*** Preliminary Objections, 7/7/2015. Additionally, there is no indication in the record that RX Billing sought, either by filed consent of Fazio or by leave of court, to amend its complaint when Fazio filed his preliminary objections or when the trial court dismissed its complaint.[7] Accordingly, RX Billing's Dragonetti Act and amended pleading issues do not appear to be properly before us.[8] As such, we need not address these claims further as any analysis would amount to an advisory opinion. ***See Sedat, Inc. v. Fisher***, 617 A.2d 1, 4 (Pa. Super. 1992) ("An

---

[7] It merits mention that when the trial court entered the order dismissing RX Billing's complaint, it did not indicate whether it was with or without prejudice. ***See*** Order, 9/16/2015.

[8] Upon remand, RX Billing may seek permission to file an amended complaint in order to raise a Dragonetti Act claim.

advisory opinion is one which is unnecessary to decide the issue before the court, and … the courts of this Commonwealth are precluded from issuing such advisory opinions."); **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 403 (Pa. Super. 2015) (same).

In conclusion, because we find the trial court committed an error of law in sustaining Joseph Fazio's preliminary objections, we reverse the court's order and remand for proceedings consistent with this memorandum.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Platt joins this memorandum.

Judge Bowes files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2017