## HALDEMAN *v*. MARTIN.

10      369
f 36 SC ³423

It is in the discretion of the court to enter the verdict upon particular counts: and, unless the whole evidence is brought up by bill of exception, this cannot be examined on writ of error.

In a count for conspiracy to defame, by reporting and charging the plaintiff to have been guilty of a crime, it is not necessary to aver that the reports and charges were made falsely and maliciously. Nor is it necessary to set forth the words spoken.

Where separate declarations of defendants are relied on as proof of the conspiracy, whether the plaintiff is concluded by the motives avowed at the time the declarations were made, *query*? But where the court was not requested so to instruct the jury, the not doing so cannot be assigned for error.

It seems that an objection to a declaration, good in substance but defective in

form, cannot be taken by praying instructions to the jury to that effect; but there should be a special demurrer.

IN error from the Common Pleas of Lancaster.

Case for conspiracy. The first count alleged, in substance, that the defendants, Haldeman and Barnitz, intending to injure the plaintiff, Martin, by a conspiracy had between them, did conspire, &c., falsely to charge the plaintiff, being an unmarried woman, with being pregnant with a bastard child (begotten by Haldeman, one of the defendants), by means whereof, &c. The second count averred that, in pursuance of such conspiracy, the defendants did report, declare, and charge, &c., by means whereof her good name had been brought into disgrace with her neighbours and others, who, believing the said report to be true, refused to associate with the plaintiff. The third count was like the second, omitting the words between brackets.

On the trial, the declarations of Barnitz, in the absence of Haldeman, of the facts relating to the pregnancy, &c., were objected to. But it was shown that they had called together on the witness, to employ him to call on the plaintiff, at the same time telling him she had made a charge against Haldeman that she was pregnant by him. The object was to make a settlement with her. A written agreement, to be signed by plaintiff, admitting the fact of the pregnancy, &c., which had been exhibited by Barnitz, was objected to on the same ground. The plaintiff, under exception, proved her previous good character, and that, since the currency of the report laid in the *narr.*, her former associates had ceased holding communication with her. Another objection was, that certain letters to plaintiff, by a third person, which had been given in evidence without objection, were permitted to be sent out with the jury.

The court were asked to instruct the jury that they must be satisfied that the plaintiffs combined falsely and maliciously to charge the defendant, and, in prosecution of this previous concert, made the allegations laid in the *narr.* The court said: The jury must believe that defendants conspired—that they did so for the purpose of defaming plaintiff, and that they defamed her in pursuance of the conspiracy. If she was guilty this action could not be maintained, but she was to be presumed innocent until proved guilty. 2. That the evidence of the alleged conspiracy arises exclusively from the separate declarations of defendants, and the jury must take those declarations as they were made, as the truth; and there is therefore no evidence to sustain the charge laid in the *narr.*, as the object was, as defendants declared, to settle a charge supposed to have been made by plaintiff

against Haldeman. To this the court said, if this was the motive, this action would not lie. But that the declarations were not in themselves sufficient to overthrow the presumption of plaintiff's innocence. They also asked instructions that the action would not lie, because the words spoken were not set forth in the *narr.* This was reserved for a motion in arrest of judgment. The other points then made were, that the first count averred no cause of action, and that the second was defective in not laying the words to have been spoken falsely and maliciously. The court, on motion, entered the verdict on the second and third counts, and judgment accordingly.

The errors assigned were: The admission of evidence already stated; The want of distinctness in the answer of the court to the first point, which would enable the jury to understand the principles of the action and the evidence applicable to it; In omitting to answer the second proposition presented, as to the evidence given of the separate declarations of the defendants; The questions raised on the motion in arrest of judgment, and in striking out the first count.

*Fordney, Champneys,* and *Ford,* for plaintiffs in error.—The counts are defective, in not laying the overt acts on which the action is to be supported: 9 Rep. 55; 6 Mod.; 4 Steph. Com. 265; 2 Rus. Cr. L. 675–84–93. The words spoken must be laid, at least, in substance: 3 W. 93. The court was asked to say that plaintiff could not impute any other motive to the defendants than that avowed at the time of making the statements: 1 Greenl. Ev. §§ 201–2; 1 Dal. 240, 392; 3 John. 427; 18 Wend. 353. This being a vital point in the case, and not answered, is error. The omission to aver that the reports were maliciously spread, is fatal; for that is the gist of the action, which must fail if not proved: 2 Wh. 236; 3 W. & S. 556.

*Frazer* and *Stephens,* contrà.—The prayers for instructions were answered. The point now taken is a different one, and not included in them; and it is an omission to charge on a point not raised below that is argued here as error. The omission of the words, falsely and maliciously, in laying the acts done in pursuance of the conspiracy, is immaterial: 1 Bin. 174–2; Russ on Cr. 674–5; 1 Hawk. P. C. c. 72, s. 2; 2 Ld. Ray; Cooke on Defamation, 101–2; 1 Saund. 242, n. a. The means of carrying out the conspiracy need not be stated with certainty: 1 Arch. N. P. 450; 2 Mass. 336, 537.

*June* 14. GIBSON, C. J.—There was distinct evidence of

combination between Haldeman and Barnitz, to make the acts and declarations of the one the acts and declarations of the other; and this disposes of the first four bills of exceptions to evidence.

The testimony in the fifth and sixth bills was properly admitted. The law is settled, that particular damage, where it is a separate and independent part of the cause of action, must be specially laid; but where it is the natural consequence of an injury, actionable without it, it need not be set out; and what is a more natural consequence of successful defamation, than loss of intercourse with friends? The plaintiff was therefore at liberty to prove, that she had been deserted by her acquaintances, in consequence of the slander, without having alleged the fact in her declaration.

It is scarce necessary to say that the letters were properly sent out with the jury.

Nor is it more necessary to say, that it is the practice of the English and American courts, where evidence has not been given on bad counts, to enter the verdict on those which are good, and supported by the proof. It is a matter of legal discretion, of which, where the whole evidence is not embodied in the bill of exceptions, a court of error cannot judge; and we are not certain here, that the whole has been brought up, even in our own irregular way. We cannot say, therefore, that there has been an error in this particular.

The objection to the counts on which the verdict was ultimately entered, is not sustained. A conspiracy to do an illegal thing, is actionable, if injury proceed from it; and where the illegal purpose has been executed, it is false and malicious wherever the motive for the conspiracy to execute it, was false and malicious. *Ex vi termini*, a conspiracy to accuse, is evidence of its illegality; and as the presumption of innocence holds till it is rebutted, it is also evidence of falsity till the contrary be shown. Falsity of the charge in the first instance, implies malice; and where the uttering of the words in which it is made, is not the gist of the action, they need not be set out. The act to be done may be stated in general terms, provided it be stated with convenient certainty. In Hood *v.* Palm, 8 Barr, 237, a declaration in an action for a conspiracy to charge the plaintiff with fraud, stated the charge made pursuant to the conspiracy, according to the substance, and not the words of it; and this, too, without exception by the defendants' counsel.

The exceptions to the charge, that the defendants' first and

second prayers for specific directions, were either not answered with such distinctness as would enable the jury to understand the principles of the action and the evidence applicable to it, or that they were not answered at all, are destitute of foundation in fact. They were distinctly, specifically, and accurately answered, though not so fully as they are represented in the argument to have required. They contained no request to charge, that as the plaintiff had relied on the separate declarations of the defendants, she was bound to take them as they were made, without imputing to the defendants a motive different from what had been avowed; and the same thing may perhaps be affirmed of the other matters contained in the argument, which proceeded at large, without being restrained to the specific points.

As to the prayer for direction, that the overt act of conspiracy should have been substantially set forth, and that the slanderous words should have been laid to have been spoken falsely and maliciously, it difficult to see what the jury had to do with it. A declaration containing the substance of a good cause of action, may doubtless be good after verdict, though it might have been bad on objection made to it at the proper time. But when is the objection to be made, and how? Not at the trial, after the defendant has waived it, by taking issue on the facts as the only matters to be passed upon; and not by referring the sufficiency of the count to the jury, under the direction of the court, but by special demurrer, before he has pleaded in bar. The court was therefore not bound to respond. At all events, the objection was bad on the law of the case, as has been shown in the preceding remarks; and for that reason, too, the court was bound to withhold the instruction requested.

Judgment affirmed.