514 A.2d 163

MaryFrances CASSELL, Appellant,

v.

Shelly SHELLENBERGER, Joseph Sherer, Ervin Stutzman and Keith Yoder, Appellees.

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Aug. 20, 1986.

MaryFrances Cassell, in propria persona.

Jered L. Hock, Harrisburg, for appellees.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order dismissing appellant's complaint. After reviewing the procedural history of this case, replete with requests for continuances and petitions for disqualification of counsel, and upon examining the sufficiency of the complaint, we affirm the order of the trial court.

Appellant, a *pro se* plaintiff, filed a writ of summons against appellees in September 1984. At that time she was

engaged in approximately 17 separate law suits, all of which appear to have arisen from the same set of circumstances. Due to a physical injury sustained in an automobile accident, appellant petitioned for a continuance in each lawsuit to which she was a party. The petition was denied on September 25, 1984, and a subsequent appeal to this Court was ultimately quashed. Appellant eventually filed a one-line complaint consisting of the single allegation, "They hateth me without a cause." This complaint was later amended, without leave of court or the consent of the appellees, such that it contained the following allegations:[1]

Count 1—They hated me without a cause. Damages—$500,000

Count 2—They devoureth my house, and for a pretense make long prayer. Damages—$500,000

Count 3—Out of their hearts proceed evil thoughts. Damages—$500,000

Count 4—They bear false witness. Damages—$500,000

Count 5—They have disobeyed their own law to malign my character. Damages—$1,000,000

Count 6—They commit all evil and charge it to me. Damages—$1,000,000

Appellees filed motions for judgment on the pleadings along with a supporting memorandum of law. Notice of the motion was given to appellant, who then had ten days within which to file an opposing brief in accordance with Rule 31 of the Rules of the Court of Common Pleas of Lancaster County. When the responsive brief was not forthcoming, appellees filed a petition for dismissal of the complaint, which was granted in February 1985. Although appellant now appeals from the order dismissing her complaint, the primary argument advanced in her brief is that the trial court erred by not granting her requested continuance. However, as this issue has already been appealed to

---

1. In *Mackey v. Adamski*, 286 Pa.Super. 456, 429 A.2d 28 (1981), we held that any attempt to amend pleadings requires compliance with Pa.R.C.P. 1033 by obtaining either filed consent of the adverse party or leave of court.

this Court, we will confine our remarks to the order dismissing the complaint.[2]

We are not insensitive to the fact that appellant has proceeded in this matter under *pro se* representation, requiring her to be familiar with the numerous rules and procedures employed by our courts. This is, indeed, a challenging task. In fact, we are bound to overlook, in the interest of justice and the speedy adjudication of claims, minor errors in the adherance to court rules and procedures. *See* Pa.R.C.P. 126. However, when inadequacies arise which threaten to impinge upon the substantive legal rights of others, whether committed by seasoned counsel or *pro se* litigants, the court is compelled to act to prevent any injustice which might occur. *In re Estate of Schofield*, 505 Pa. 95, 477 A.2d 473 (1984); *Fleming v. Quaid*, 204 Pa.Super. 19, 201 A.2d 252 (1964).

A plaintiff seeking relief from the court is required to file a complaint which must not only apprise the defendant of what the plaintiff's claim is and the grounds upon which it rests, but must also formulate issues by summarizing those facts essential to support the claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa.Super. 293, 464 A.2d 1349 (1983); *See Weiss v. Equibank*, 313 Pa.Super. 446, 460 A.2d 271 (1983); Pa.R.C.P. 1019. An examination of appellant's complaint, in either its original or amended form, reveals no material facts upon which the general allegations contained therein might be based. Although we have held that a plaintiff is not obligated to state the legal theory underlying his claim, a complaint totally lacking any factual basis fails to give the defendant adequate notice of the circumstances surrounding the controversy. *DelConte v. Stefonick*, 268 Pa.Super. 572, 408 A.2d 1151 (1979). Absent such notice, a defendant

**2.** In *In re Request for Continuances of MaryFrances Cassell*, No. 118 Philadelphia 1985, this Court issued a per curiam order quashing the appeal from an order by the Honorable Anthony R. Appel, President Judge of the Lancaster County Court, denying appellant's request for a continuance in 17 lawsuits, the case at bar included. A subsequent motion for reconsideration was denied.

is unable to properly formulate a defense. *Weiss v. Equibank, supra.*

Additionally, appellant has not averred injuries for which a court of law is capable of providing relief. It is not the objective of judicial tribunals to entertain grievances which are based on ecclesiastical or moral precepts. Our concerns are with more secular disputes. Thus, while we open our courts to those individuals capable of pleading specific legal injuries, we refuse to provide a public forum for others who seek only to air what are primarily personal adversities. Accordingly, we find that appellant's complaint was properly dismissed.[3]

Order affirmed.

**3.** A review of appellant's court activity reveals that during the pendancy of this appeal she initiated new proceedings against defendants Shellenberger, Sherer, Stutzman, and, in place of defendant Pastor Yoder, the Mounty Joy Mennonite Church. As in the case at bar, the trial court has again dismissed appellant's complaint. Subsequently, a notice of appeal was filed with this Court on July 17, 1986. *See* No. 1882 Philadelphia 1986.