**East Coast Paving & Sealcoating, Inc. v Emery**

314

*Louis M. Perrotta* and *Joseph P. DiCicco,* for plaintiff.

*Norman J. Barilla,* for defendants.

MOTTO, *P.J.,* August 22, 2013—Before the court for disposition are the preliminary objections of the defendants, Michael and Paula Emery, to plaintiff's complaint. The complaint consists of three counts. Count 1 seeks recovery for misappropriation of trade secrets. Counts 2 and 3 seek recovery for intentional interference with contractual relations. Count 2 relates to defendants' alleged interference with an employment contract between plaintiff and a one Charles R. Parks which prohibited Parks from competing with plaintiff upon termination of his employment and from disclosing trade secrets. Count 3 relates to defendants' alleged interference with existing customers and prospective customers of plaintiff by inducing those customers to do business with defendants instead of plaintiff.

Defendants' preliminary objections contend that

plaintiff has failed to state a cause of action as to each count and further contends that the complaint fails to conform to law and rule of court because of a lack of specificity in violation of Pa.R.C.P. 1019(a) and (f).

The facts hereinafter set forth are alleged in plaintiff's complaint.

Plaintiff is engaged in the business of paving and sealcoating. Charles R. Parks was employed by plaintiff from October, 2006 to September, 2009 as an "at will" employee. In consideration for his employment with plaintiff, Parks signed an employee non-compete agreement as part of plaintiff's "Employee Guidelines Company Policy." The agreement restricted Parks from owning, managing, operating, consulting with or being employed by a business substantially similar to, or competitive with, plaintiff's business and from disclosing or using on his own behalf trade secrets, customer information, confidential data gained through employment, or otherwise utilizing the good will of plaintiff. The restriction applied to business within one hundred miles of the location of plaintiff's place of business for a period of one and one-half years from the date of termination of Park's employment with plaintiff.

Parks performed paving and sealcoating work for plaintiff in the course of his employment and was provided access to customer information and confidential business information. Parks was advised that customer information was considered a trade secret. Parks, as well as other employees, was provided with customer information on a need-to-know basis.

At some point during his employment with plaintiff,

Parks prepared to start a new business called "Emery's Sealcoating" with family members, including the defendants Michael and Paula Emery. The defendants had knowledge of Parks' agreement with plaintiff and Parks' duty of secrecy regarding customer lists and information, but encouraged Parks to steal information from plaintiff's client list for the purpose of soliciting business for Emery's Sealcoating.

While Parks was employed by plaintiff he did steal information regarding plaintiff's customers that Parks and defendants intended to use to benefit the business of Emery's Sealcoating.

After Parks termination of employment with plaintiff in September of 2009, Parks began business operations with Emery's Sealcoating. Defendants assisted Parks in establishing Emery's sealcoating and acquiring business by contacting and soliciting business from customers Parks became aware of through his employment with plaintiff. The business of Emery's Sealcoating was substantially similar to the work performed by plaintiff. Parks thereafter died and the defendants herein continue to do business as Emery's sealcoating in competition with plaintiff utilizing plaintiff's customer information which parks improperly obtained from plaintiff.

Plaintiff contends that the customer information stolen by Parks and used by defendants constitutes a trade secret within the meaning of 12 Pa.C.S. §5302 of the Pennsylvania Uniform Trade Secrets Act and that in violation of the act, defendants misappropriated the said trade secrets by utilizing improper means to obtain the customer information.

Plaintiff further contends that defendants have engaged in intentional interference with the contractual relations that existed between plaintiff and Parks by encouraging Parks to violate the employment agreement by misappropriating customer information with specific intent to harm plaintiff; by disrupting existing contractual relations or preventing further contractual relations with the said customers from being formed; and by entering into a business in competition with Plaintiff in violation of the non-compete agreement.

Plaintiff further alleges that the defendants, in combination with Parks, have engaged in intentional interference with contractual relations that existed between plaintiff and its customers and also interfered with prospective contractual relations with third party customers that were solicited by Parks. In so doing, defendants and Parks specifically intended to harm plaintiff's contractual relations with customers and to prevent prospective relations from occurring when they solicited the business of such customers with the intent to acquire their business for their business operations under Emery's Sealcoating.

### Preliminary Objection in the Nature of a Motion to Dismiss Count 1 — Failure to State a Cause of Action for Misappropriation of Trade Secrets

Defendants contend that plaintiff has failed to plead a cause of action for misappropriation of trade secrets against defendants Emery with particularity and have failed to provide the material facts upon which the claim against defendants is based. The preliminary objection recites that plaintiff has failed to plead that either defendant, Michael

Emery or Paula Emery, entered into any agreement with Parks to perform the alleged unlawful act of stealing trade secrets, or otherwise consented thereto, and that plaintiff has failed to plead facts that support the contention that the defendants acted with an evil motive.

In their brief, defendants argue that plaintiff has alleged insufficient facts to qualify any customer list as a trade secret or to otherwise demonstrate that any client information is entitled to trade secret protection and has failed to provide in the complaint factual background to support the contention that the defendants learned about the customer information from parks, with notice that the customer information was a secret and that Parks discovered the information by improper means. Defendants argue that plaintiff has not stated facts to support the assertion that defendants were on notice of the secrecy of the customer information.

A cause of action for misappropriation of a trade secret is governed by the Pennsylvania Uniform Trade Secrets Act ("PUTSA"), 12 Pa.C.S.A. §5301 et seq. PUTSA defines a "trade secret" as follows:

Information, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique or process that:

(1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use;

(2) is the subject of efforts that are reasonable under the

circumstances to maintain its secrecy.

12 Pa.C.S.A. §5302.

A compilation of a company's clientele or a compilation constituting a list of customers is an asset or value acquired by virtue of efforts and expenditures over a period of time and should be protected as a form of property. *John G. Bryant Co., Inc. v. Sling Testing and Repair, Inc.*, 369 A.2d 1164 (Pa. 1977); *A.M. Skier Agency. Inc. v. Gold*, 747 A.2d 936 (Pa. Super. 2000). Although the identity of customers may be found through public sources such as a telephone book, it is the compilation of thousands of customer names with contact information, customer preferences and peculiarized information relative to each customer that would be valuable to competitors and must be protected, as no public source could be the equivalent of such a compilation. Thus, a compilation of customer data that is not readily available from other sources will qualify as a trade secret. *See Spring steels. Inc. v. Molloy*, 400 Pa. 354, 162 A.2d 370 (1960).

Here, the complaint alleges that Parks, who had access to the confidential information, was prohibited from disclosing or using on his own behalf customer information gained through employment and that he was provided access to customer information through his employment to the extent that such access was necessary for plaintiff's legitimate business operation. Further, it is alleged that Parks was advised that the customer information was considered a trade secret and that Parks, as well as other employees, was provided with customer information on a "need to know basis", and that Parks did "steal" information regarding plaintiff's customers

that Parks and the defendants intended to use to benefit Emery's Sealcoating. Thus, it may be inferred from the allegations of the complaint that plaintiff maintained a customer list which derived independent economic value from not being readily ascertainable by proper means and that plaintiff utilized efforts that were reasonable under the circumstances to maintain the secrecy of the information and that Parks and the defendants conspired to steal this confidential information.

Defendants argue that the plaintiff has failed to allege the factual background to support the allegations above referred to; that since plaintiff failed to provide specific information pertaining to the contents of the client list, the court is unable to perform the necessary fact intensive analysis required to determine whether a customer list is entitled to trade secret protection. Defendants also argue that the complaint fails to state facts to support its assertion that the defendants were on notice of the secrecy of the customer information or that the customer information was a secret and that parks discovered the information by improper means.

The court here finds that the complaint alleges the material facts to support the above stated cause of action for misappropriation of trade secrets. Material facts are those that are essential to show the liability that is sought to be enforced. *General State Authority v. Sutter Corp.*, 44 Pa. Commwlth. 156, 403 A.2d 1022 (1979). Sufficient facts must be stated to define the issues to be tried and put an opponent on notice of what he or she will be called upon to meet at trial; however, evidentiary matters are not to be included in the pleading. *Com., Dept. of Transp. (PennDOT) v. Bethlehem Steel Corp.*, 33 Pa. Commwlth.

1, 380 A.2d 1308 (1977). It is held that to require a party to plead purely evidentiary matters or matters that are the proper subject of discovery would emasculate Pa.R.C.P. §1019. *Pike county Hotels Corp. v. Kiefer*, 262 Pa. Super. 126, 396 A.2d 677 (1978).

In *Iron Age Corp. v. Dvorak*, 880 A.2d 657 (Pa. Super. 2005), the Superior Court held that an employer's customer list was available to competitors through legitimate means and, thus, could not be declared a "trade secret" so as to be entitled to protection by injunctive relief. However, in reaching that conclusion the court relied upon the testimony of witnesses including a former employee which proved that the customer lists were widely known, and, in the industry in question potential customers were identified through public sources and customers were shared. Thus, the ultimate finding as to whether or not the customer list which plaintiff alleges was "stolen" by defendants can only be determined by analysis of the available evidence, either through summary judgment or trial.

The court here concludes that plaintiff has sufficiently stated a cause of action under PUTSA for misappropriate of trade secrets; that the defendants have been put on notice of the facts against which it must defend and that to require any further facts to be alleged would improperly require the pleading of evidence. The court further finds that discovery is available to defendants to discover the information that will ultimately be relevant in making a judicial determination as to whether or not the customer information in question constitutes a trade secret.

Preliminary Objection in the Nature of a Motion to Dismiss Count 2 — Failure to State a Cause of Action

for Intentional Interference With Contractual Relations

In count 2 of the complaint, the plaintiff has alleged that a contractual relationship existed between the plaintiff and Parks. That contractual relationship required that Parks not compete with plaintiff and that he maintain the secrecy of customer lists. Plaintiff has alleged that the defendants intentionally encouraged Parks to steal information from plaintiff's client lists for the purpose of soliciting business for Emery Sealcoating, a business which Parks unlawfully entered into in combination with the defendants. The plaintiff alleges that the agreement not to compete between Parks and plaintiff was legally valid and enforceable and that defendants encouraged Parks to violate the agreement by misappropriating the customer information with specific intent to harm plaintiff by disrupting existing contractual relations that plaintiff had with its customers or preventing further contractual relations with customers from being formed. Plaintiff has alleged that defendants have not had any privilege or justification for their intentional actions in encouraging parks to violate the agreement.

Generally, one who, without privilege to do so, induces or otherwise purposely causes a third person not to perform a contract with another is liable to the other for harm caused thereby. *Raneri v. DePolo*, 65 Pa. Commwlth. 183, 441 A.2d 1373 (1982). The elements of intentional interference with contractual relations are: (1) the existence of a contractual relation between the complainant and the third party; (2) purposeful action by the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of a privilege or justification on the part of the

defendant; and (4) the occasioning of actual legal damage as the result of the defendant's conduct. *Phillips v. Selig*, 959 A.2d 420 (Pa. Super. 2008), *appeal denied*, 967 A.2d 960 (Pa. 2009). The tortious interference with a contract requires the involvement of at least three parties: the two contracting parties and a third person who interferes with that contract. *Kia v. Imaging Sciences, Intern., Inc.*, 735 F. Supp. 2d 256 (E.D.Pa. 2010).

The facts in this case are similar to the facts found in *Morgan's Home Equipment Corp. v. Martucci*, 390 Pa. 618, 136 A.2d 838 (1957). In *Morgan's*, one of the defendants admitted that he offered employment and ultimately hired the other defendants with knowledge that they had signed restrictive agreements with the plaintiff, and that they would be acting inconsistently with the covenants contained therein in the course of their new employment. The *Morgan's* court noted that one who intentionally interferes with an existing contractual relation is subject to liability for the breach of the contract. The defendant asserted no privilege for inducing the breach of the covenants not to divulge confidential information, not to solicit or compete for the patronage of plaintiff Morgan's customers, not to attempt to persuade customers to withhold their patronage, and not to divert plaintiff Morgan's business. Such defendant was therefore enjoined from continuing the unlawful conduct. The facts alleged in the case at bar are nearly identical to the facts in *Morgan's* where it is alleged that the defendants induced Parks to violate his contract with plaintiff by disclosing the content of confidential customer lists of plaintiff so that defendants, in a rival competing business, could solicit those customers. All of the necessary elements

have been alleged including (1) the existence of a contractual relation between the plaintiff and the third party, Parks; (2) purposeful action by the defendants specifically intended to harm the existing relation, in that the defendants purposefully induced Parks to violate the contract by disclosing the confidential information and stealing customer information protected as a trade secret; (3) the absence of any privilege or justification on the part of the defendants, where it is alleged that the purpose of the defendants was to unlawfully compete in a rival business by using the protected information; and (4) the occasion of actual legal damage as the result of the defendants' conduct, here unlawfully transacting business with plaintiff's customers, disrupting existing contractual relations between plaintiff's customers and Plaintiff, and preventing further contractual relations with the said customers from being formed with the plaintiff.

The plaintiff having alleged all the essential elements of the tort of intentional interference with contractual relations, defendants' motion to dismiss count 2 of the complaint will be denied.

Preliminary Objection in the Nature of a Motion to Dismiss Count 3 — Failure to State a Cause of Action for Intentional Interference with Contractual Relations With Plaintiff's Customers

In count 3 of the complaint, the plaintiff alleges that it had either contractual relations or prospective contractual relations with customers that were solicited by Parks and the defendants. Plaintiff further allege that the defendants and Parks specifically intended to harm plaintiff's contractual relations with customers and to

prevent prospective relations from occurring when they solicited the business of such customers with the intent to acquire their business for defendants' business operations. According to the complaint, the defendants engaged in the conduct with the specific intent to harm plaintiff and acted without any legally valid privilege or justification for defendants' interference, causing plaintiff to suffer damages in the form of lost profits.

The elements of intentional interference with contractual relations has been above set forth relative to defendants' preliminary objections seeking to dismiss count 2 of the complaint in relation to the contract that existed between plaintiff and Parks. The same analysis applies with equal force as to defendants' alleged interference with existing contractual relations that plaintiff had relative to existing customers. Thus, the defendants alleged unjustified interference with contractual relations that plaintiff had with its customers that were not privileged is actionable where it is alleged that the defendants used improper means to solicit the business of such customers away from plaintiffs in order to acquire that business for their own business operation.

With respect to the allegation of intentional interference with the prospective contractual relationships between plaintiff and its customers, a claim for intentional tortious interference with prospective contractual relationships requires that a plaintiff establish: (1) prospective contractual relations; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) actual damage resulting from the defendant's conduct.

A prospective contract relation is something less than a contractual right, but something more than a mere hope. In short, it is a reasonable probability that contractual relations will be realized or established. *InfoSAGE. Inc. v. Mellon Ventures, L.P.*, 896 A.2d 616 (Pa. Super. 2006). The tort of interference with prospective contractual relations is an intentional one in which the actor is acting for the purpose of causing harm to the plaintiff. *Glenn v. Point Park College*, 441 Pa. 474, 272 A.2d 895 (1971).

Generally, a privilege exists in a case of competition between sellers or former customers and their suppliers. *Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co.*, 953 F. Supp. 617 (E.D.Pa. 1997); *Wexler v. Greenburg*, 399 Pa. 569, 160 A.2d 430 (1960). One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his or her competitor or not to continue in an existing terminable at-will contract with the competitor is privileged to do so and therefore does not interfere improperly with the competitor's relation if: (1) the relation concerns a matter involved in the competition between the actor and another; and (2) the actor does not employ wrongful means, Here, the complaint negates a finding of privilege on the part of the defendants, where they are alleged to be in competition with the plaintiff, because the improper means utilized by the defendants have been alleged. The complaint specifically alleges that defendants encouraged Parks to violate his employment agreement with plaintiff by unlawfully disclosing confidential customer lists and unlawfully stealing from plaintiff customer information and providing that information to the defendants.

For the foregoing reasons, the court finds that plaintiff has alleged a cause of action for intentional interference with contractual relations and interference with prospective contractual relations regarding plaintiff's customers.

## Preliminary Objection in the Nature of a Motion to Dismiss For Lack of Specificity

Throughout defendants' preliminary objections, defendants have repeatedly asserted a lack of specificity relative to the allegations of the complaint. In finding that plaintiff has sufficiently alleged a cause of action for misappropriation of trade secrets, the court has already addressed the specificity issue indicating that the additional specificity which defendants request is in reality a request to require plaintiff to plead evidence and seeks factual information that is more appropriately addressed through the discovery process.

The defendants specifically assert the failure of the complaint to allege the date when Parks breached the employee non-compete agreement; the failure of the complaint to allege facts to support the assertion that defendants encouraged Parks to steal information from plaintiff's client lists and that the defendants solicited business from plaintiff's customers; the failure of plaintiff's complaint to set forth facts to support the allegations that defendants continue to do business as Emery's Sealcoating; the failure of plaintiff's complaint to provide the nature of the customer information which defendants allegedly obtained improperly; the failure of plaintiff to provide specific factual details to support assertions of misconduct by the defendants; failure of the complaint to

allege when and where the wrongful conduct of acquiring business by contracting with and soliciting business from customers of plaintiff occurred; and the general failure of the complaint to aver the specific date, time, identity of parties or location relating to the material facts supporting the plaintiff's cause of action which prevents defendants from adequately investigating the claims and preparing an appropriate response of pleading.

The requirements and purpose of Pa.R.C.P. §1019(a) is summarized in Goodrich Amram 2d, Volume 2, Section 1019(a):1 as follows:

> The material facts on which a cause of action...is based must be stated in a pleading in a concise and summary form. The purpose of this Rule is to require a plaintiff to disclose the material facts sufficient to enable the adverse party to prepare the case. [T]he complaint must not only give the defendant notice of what the plaintiff's claim is and grounds upon which it rests, but also must formulate the issues by summarizing those facts essential to support the claim. (Citing *Finegold v. Hendrzak*, 15 A.3d 937 (Pa. Super. 2011); *Foster v. UPMC South Side Hosp.*, 2 A.3d 655 (Pa. Super. 2010), *appeal denied*, 12 A.3d 371 (Pa. 2010); *Toney v. Chester County Hosp.*, 961 A.2d 192 (Pa. Super. 2008), *order aff'd*, 36 A.3d 83 (Pa. 2011); *McShea v. City of Philadelphia*, 995 A.2d 334 (Pa. 2010).

Material facts are those that are essential to show the liability that is sought to be enforced. *General State Authority v. Sutter Corp.*, 44 Pa.Commwlth. 156, 403 A.2d 1022 (1979). A complaint that fails to set forth

material facts to support the claim is inadequate because a plaintiff must know the ground upon which to make the defense; thus, if there is a question of the basis on which the complaint seeks recovery, the complaint is insufficient. *Starks v. Montgomery County Housing Authority*, 11 Pa. D. &C.3d 93 (1978); *Cassell v. Shellenberger*, 356 Pa. Super. 101, 514 A.2d 163 (1986).

Here, the court has performed an analysis regarding each count of the complaint and has demonstrated how the material facts upon which each cause of action is based has been set forth. Defendants' claim of lack of specificity is in reality a request that the plaintiff provide detail that is not necessary to support each cause of action. Although defendants cite Pa.R.C.P. 1019(f) as requiring the pleading of time and place, whether the pleading of time or place is required depends upon the significance of time and place, where these factors are not significant, discovery offers an adequate remedy. *Gilbert v. Wohl*, 56 Pa. D. &C.2d 376 (C.P. 1972). The Pennsylvania Rules of Civil Procedure do not require a party to do the impossible and what is sufficiently specific as to time depends upon the nature of the circumstances. Here, knowledge of the exact date and time of the alleged wrongful acts of the defendants are particularly within the control of the defendants and not the plaintiff. It is likely that ascertaining the date and time at which the events occurred will come about through the discovery process. The specific dates and times are not crucial to the cause of action but may be relevant to determining the time that the cause of action arose for purposes of addressing the statute of limitations. In fact, defendants have raised the issue of the statute of

limitations in their brief although not in the preliminary objections. The court at this time will not consider the statute of limitations, as the defense of the statute of limitations must be raised by way of new matter and is not appropriate for determination by way of preliminary objections. Pa.R.C.P. 1030; *Cobbs v. Allied Chem. Corp.*, 443 Pa. Super. 386, 661 A.2d 1375 (1995). With the issue preserved in new matter, the discovery process can develop the evidence relating to when the cause of action arose, which in turn will allow the issue to be determined through either summary judgment, or at trial, if a factual issue is raised relative to the applicability of the statute of limitations. *Cf. Farinacci v. Beaver County Industrial Dev. Authority*, 510 Pa. 589, 511 A.2d 757 (1986) holding that preliminary objections available to a party do not include the bar of a statute of limitations.

The court therefore concludes that the complaint contains sufficient specificity and as to each cause of action the plaintiff has alleged the material facts necessary to support each cause of action. Accordingly, the defendants' preliminary objections in the nature of a motion to dismiss for lack of specificity will be denied.

## ORDER OF COURT

And now, this 22nd day of August, 2013, in accordance with the accompanying opinion of even date herewith, it is ordered and decreed that the defendants' preliminary objections to the plaintiff's complaint are each denied. The defendants shall file an answer to the complaint within twenty (20) days of the date this order is docketed.