J-A22044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| F. EARL REED III | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONETTE PRAY | : | No. 963 EDA 2018 |

Appeal from the Order Entered March 14, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160400908

BEFORE:   BENDER, P.J.E., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED OCTOBER 22, 2018**

Appellant F. Earl Reed, III, ("Mr. Reed") appeals from the final order entered in the Philadelphia County Court of Common Pleas, which granted Appellee Tonette Pray's ("Ms. Pray") motion for judgment on the pleadings and disposed of all the claims in this case.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On April 9, 2016, Mr. Reed instituted this case via the filing of a civil complaint against Ms. Pray.  Therein, Mr. Reed averred that he has been a lifelong resident of the Borough of Colwyn, Pennsylvania, and for many years, including 2007, he was active in the community and served as the President of the Colwyn Fire Department.   Moreover, as of 2007, Mr. Reed was a member of the Colwyn Borough Council and served as chair of the Republican Campaign Committee of Colwyn.

_____

*   Former Justice specially assigned to the Superior Court.

Mr. Reed asserted that Ms. Pray also resided in Colwyn Borough and served on the Colwyn Borough Council. In the 2007 election, running against Mr. Reed and other Republican members of the Colwyn Borough Council, Ms. Pray and her supporters defeated Mr. Reed and his allies, and the Democrats took control of the Colwyn Borough Council.

One of the issues raised during the campaign was whether Mr. Reed had "stolen" $100,000 from the Colwyn Sewer Fund during his time on the Council. This accusation arose as a result of a transaction that occurred in 2006 or 2007 whereby the Colwyn Borough Council approved a short-term loan of $100,000 from Colwyn's Sewer Fund to the Colwyn Fire Company so that the latter could take advantage of an early payment discount that would reduce the purchase price of a new fire truck. The savings resulting from the early payment discount was approximately $30,000; however, Ms. Pray and her political allies, contending the transaction was improper, blamed Mr. Reed for the removal of the money. After receiving complaints, the Delaware County District Attorney's Office commenced a lengthy investigation, at the conclusion of which the Criminal Investigation Division declined to recommend prosecution.

After Mr. Reed was defeated in the 2007 election, Ms. Pray was elected the President of the Colwyn Borough Council. Mr. Reed averred Ms. Pray examined the Borough's financial records and discovered that the $100,000 had been repaid to the Colwyn Sewer Fund in full with interest. Specifically,

Mr. Reed averred that he made arrangements to ensure the repayment was made before he left the Council. Subsequently, the Borough of Colwyn encountered such financial problems that the Commonwealth of Pennsylvania declared the Borough to be a financially distressed municipality.

Mr. Reed relevantly averred the following occurred:

14. During the term of her service on Colwyn Borough Council, [Ms.] Pray, in statements made outside of Borough Council meetings, repeatedly and publicly blamed Colwyn Borough's financial difficulties on [Mr. Reed] for having "stolen" $100,000 from the Borough of Colwyn back in 2007. These statements include statements made within the past year as part of a continuing practice and continuing course of conduct extending back to 2012 or before.

15. These repeated charges, and the publicity surrounding the Borough of Colwyn's fiscal woes (which were blamed on [Mr. Reed]), have subjected [Mr. Reed] to repeated shame, humiliation, vilification, mockery and extensive negative attention in or from the news media, including but not limited to *The Philadelphia Inquirer*, *The Daily Times of Delaware County*, *The News of Delaware County*, Maria Schaffer (a reporter with *The Philadelphia Inquirer*), Dann Cuellar, Harry Hairston, Channel 6, and Channel 10.

(a) Incidents of this public shame, mockery and vilification, etc. have occurred within the past year, and these incidents extend back over the years.

(b) These incidents include, but are not limited to, being accused by neighbors of criminal conduct when [Mr. Reed] was walking his dog in the late afternoon.

(c) [Mr. Reed] has been informed, believes, and therefore avers that it was [Ms.] Pray who said to these neighbors that [Mr. Reed] had committed such criminal acts, thereby prompting the comments made to [Mr. Reed] by his neighbors.

16. This course of conduct by [Ms.] Pray, consisting of repeatedly and publicly (outside of Borough Council meetings) accusing [Mr. Reed] of criminal conduct, including but not limited

to "stealing" $100,000 from the Borough of Colwyn, was undertaken in a spirit of "malice" because [Ms.] Pray either:

(a) Knew that the accusation was false; or

(b) Proceeded recklessly in making the accusation publicly when she either knew or should have known that the charge was false; or

(c) Accused [Mr. Reed] of other criminal or wrongful conduct that was of no public interest, and that she did so for the purpose of humiliating [Mr. Reed] and running down his reputation, the better to shift blame for the Borough's distressed fiscal condition.

17. As a direct and proximate result of the foregoing, [Mr. Reed] suffered mental distress, humiliation and depression, possibly including suffering a mental breakdown.

Mr. Reed's Complaint, filed 4/9/16, at 4-5, ¶¶ 14-17.

Based on the aforementioned, Mr. Reed alleged a count of false light invasion of privacy and a count of defamation against Ms. Pray. In further developing his claims, Mr. Reed averred in his count for invasion of privacy that he "experienced humiliation and vilification by neighbors and others for alleged criminal acts, which as [Mr. Reed] is advised, believes and therefore avers, [Ms.] Pray accused him of to such neighbors and others." *Id.* at 6, ¶ 20. Moreover, in his count for defamation, Mr. Reed averred "[o]utside of Borough Council, [] [Ms.] Pray, consistently and over a period of years (including one or more such statements made within the previous year) told citizens and residents in Colwyn Borough that [Mr. Reed] had 'stolen' $100,000 or more from the Borough of Colwyn[.]" *Id.* at 7, ¶ 26. He also asserted "[t]he statement(s) complained of herein were made in a campaign mode, outside of Borough Council meetings[,]" and Ms. Pray made the

- 4 -

statements "at least in part [to] shift[] from herself the public blame for the financial distress the Borough of Colwyn descended into during her administration and her term in office as President of [the] Council." *Id.* at 7, ¶ 27, 8 ¶ 30. Finally, Mr. Reed also sought punitive damages due to Ms. Pray's "outrageous" conduct.

On June 16, 2016, Ms. Pray filed preliminary objections to Mr. Reed's complaint averring improper venue, and on July 6, 2016, Mr. Reed filed an answer. By order entered on August 30, 2016, the trial court dismissed Ms. Pray's preliminary objections.

On September 7, 2016, Ms. Pray filed her answer to Mr. Reed's complaint with new matter and affirmative defenses,[1] and on January 24, 2017, Mr. Reef filed a reply to the new matter.

On January 25, 2018, Ms. Pray filed a motion for judgment on the pleadings pursuant to Pennsylvania Rule of Civil Procedure 1034. Therein, Ms. Pray relevantly averred Mr. Reed failed to set forth with sufficient specificity his claims for defamation or invasion of privacy. She also averred he failed to set forth sufficient facts to demonstrate that his causes of action for defamation or invasion of privacy were commenced within the applicable

---

[1] Therein, Ms. Pray averred, *inter alia*, that Mr. Reed's complaint failed to state a cause of action against Ms. Pray; Mr. Reed's claims are barred by the applicable statute of limitations; and Ms. Pray is entitled to official immunity as the cause of action arose from the performance of her duties as a public official.

statute of limitations. Consequently, Ms. Pray requested the trial court enter judgment in her favor and dismiss Mr. Reed's complaint in its entirety with prejudice.

On February 14, 2018, Mr. Reed filed an answer to Ms. Pray's motion for judgment on the pleadings, and on February 20, 2018, Ms. Pray filed a reply. By order entered on March 14, 2018, the trial court granted Ms. Pray's motion for judgment on the pleadings. Mr. Reed filed a timely notice of appeal on March 20, 2018,[2] and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Mr. Reed sets forth the following issues (verbatim):

1. Whether Plaintiff's Complaint, in Count I, pled his cause of action for defamation with adequate specificity for defamation claims when he complained of statements published in 2015 by Defendant which (i) accused Plaintiff of criminal conduct, of conduct which would tend to lower him in the estimation of those who heard the statement(s), or which would tend to deter them from associating with him; which defamatory statements (ii) were identified by the class of persons to whom such statements were published; and (iii) which defamatory statements were identified as to time, including the scheduled Borough Council meetings for Colwyn Borough during the year 2015 - and did such allegations aver a cause of action within the one-year statute of limitations for defamation?

2. When Plaintiff's Complaint averred a "continuing" course of conduct, or campaign of defamation, by Defendant consisting of a series of defamatory statements, some published during the year prior to the filing of the Complaint, and some published during preceding years, did such averments state a proper cause of action under Pennsylvania law for defamation reaching back to the earliest published statements in that series when the publication

_____

[2] Mr. Reed also filed a motion for reconsideration of the trial court's March 14, 2018, order. The trial court filed an order denying the motion for reconsideration on April 2, 2018.

of such statements was averred to have started more than one year prior to the filing of the Complaint and to have continued into the year preceding the filing of the Complaint, and when the Complaint alleged statements which were not only false, but which tended to lower Plaintiff in the eyes of the Community or to discourage people from associating with him, or which falsely accused him of criminal conduct?

3. Since the Motion for Judgment on the Pleadings addressed only the Defamation count, since the Complaint also included an Invasion of Privacy count, and since there are no special pleading requirements for Invasion of Privacy (as there are for Defamation), granting the Motion for Judgment on the Pleadings could at most have dismissed only the Defamation count, leaving the Invasion of Privacy count intact; hence, even if the Court determined to grant the Motion for Judgment on the Pleadings, was it not error to dismiss the entire case?

Mr. Reed's Brief at 3-4 (footnotes and responses from trial court omitted).

In his first issue, Mr. Reed avers that, in his complaint, he set forth the elements of defamation with sufficient specificity and, more specifically, he set forth a *prima facie* claim of defamation occurring within the applicable one-year statute of limitations.[3]  Accordingly, he contends the trial court erred in granting Ms. Pray's motion for judgment on the pleadings on this basis.[4]

_____

[3] 42 Pa.C.S.A. § 5523(1) provides that "[t]he following actions and proceedings must be commenced within one year: (1) An action for libel, slander or invasion of privacy."

[4] In its Rule 1925(a) opinion, the trial court indicated that it granted Ms. Pray's motion for judgment on the pleading since the compliant failed to allege with sufficient specificity "what was said," "to whom it was said," and "when it was said."  Trial Court Opinion, filed 5/21/18, at 7.  That is, as it applied to Mr. Reed's claim of defamation, the trial court concluded Mr. Reed failed to set forth a *prima facie* case regarding (1) the defamatory nature of a specific communication, (2) the publishing of a communication to an identified third

Our scope and standard of review of the granting of a motion for judgment on the pleadings is well-settled.

> Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. On appeal, we accept as true all well-pleaded allegations in the complaint.
>
> On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury.
>
> Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Rubin v. CBS Broadcasting, Inc.*, 170 A.3d 560, 564-65 (Pa.Super. 2017) (quotations omitted).

Initially, we note that, to state a cause of action for defamation, a complaint must contain averments of fact which, if proven, would establish:

---

person, and (3) the alleged defamatory communication was published within one year so as to overcome the statute of limitations.

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

*Joseph v. Scranton Times L.P.*, 634 Pa. 35, 129 A.3d 404, 424 (2015) (quoting 42 Pa.C.S.A. § 8343(a)).

As it relates to the "publication" element for defamation, it is well-settled that the alleged defamatory communication must be published to an identified third person. *See Foster v. UPMC South Side Hosp.*, 2 A.3d 655, 666 (Pa.Super. 2010) (finding complaint "fatally vague" where it failed to identify "who made the statements and to whom the statements were made"); *Davis v. Resources for Human Development, Inc.*, 770 A.2d 353, 358 (Pa.Super. 2001) ("It is clear that in Pennsylvania, the communication must be expressed to a third party in order to be 'published.'"); *Jaindl v. Mohr*, 637 A.2d 1353, 1358 (Pa.Super. 1994), *affirmed*, 541 Pa. 163, 661 A.2d 1362 (1995) ("A complaint for defamation must, on its face, identify exactly to whom the allegedly defamatory statements were made."); *Moses v. McWilliams*, 549 A.2d 950, 960 (Pa.Super. 1988) (*en banc*) ("A complaint for defamation must, on its face, identify specifically what allegedly

defamatory statements were made, and to whom they were made. Failure to do so will subject the complaint to dismissal for lack of publication.").

Here, assuming, *arguendo*, Mr. Reed sufficiently identified an alleged defamatory statement in his complaint (*i.e.*, that Ms. Pray stated Mr. Reed stole $100,000 from the Borough of Colwyn back in 2007), we agree with the trial court that Mr. Reed failed to aver sufficient facts as to whom the defamatory statement was published. At most, Mr. Reed alleges, in conclusory fashion, that Ms. Pray made the statement "publicly," "outside of Borough Council meetings," "to citizens and residents in Colwyn Borough," and "to neighbors." Mr. Reed's Complaint, filed 4/9/16, at 4-7, ¶¶ 14-16, 26. Such vague allegations are insufficient to demonstrate publication of the alleged defamatory statement under the circumstances of this case. **See Foster**, **supra**; **Davis**, **supra**; **Jaindl**, **supra**; **Moses**, **supra**.

While Mr. Reed acknowledges that a complaint is defective if it merely avers the alleged defamatory material was published to "third parties," he avers he presented a *prima facie* case of publication via his allegations, which identified a category of persons and/or described the recipient and events in a fashion that made them easily ascertainable. In this regard, he argues he "identified the persons to whom such statements were published as being citizens of Colwyn who were present at the times when [Ms. Pray] was entering or exiting the said Borough Council meetings[.]" Mr. Reed's Brief at 9, 14. He argues this averment set forth to whom defamatory statements

were published by class or category (*i.e.*, citizens of Colwyn) and his reference to "outside of Borough Council meetings" "within the past year" set forth the events in a fashion that it could be readily ascertainable to whom Ms. Pray made the defamatory statements. Mr. Reed's Complaint, filed 4/9/16, at 4-7, ¶¶ 14, 16, 26.

In support of his claim, Mr. Reed cites to **Smith v. Wagner**, 588 A.2d 1308 (Pa.Super. 1991), wherein this Court held that a county official stated a *prima facie* claim of defamation with sufficient specificity so as to avoid preliminary objections in the nature of a demurrer. In that case, the plaintiff made general averments in his complaint that a newspaper publisher and printer had published defamatory statements about him and the newspaper was distributed "among residents of Potter County who were familiar with [the] plaintiff. . .and who were capable of understanding the references to him." **Id.** at 1311. However, in concluding the plaintiff sufficiently identified the content of the statements, as well as to whom and when the statements were published, we noted that, while the averments in the complaint were not in and of themselves sufficiently specific, the complaint generally referred to newspaper articles, which the plaintiff attached to the complaint. **Id.** Thus, we held that, although the plaintiff's "style of pleading [is] not to be encouraged. . .when one wades through the sea of information" it was possible to find a legally cognizable claim of defamation. **Id.** at 1310.

Mr. Reed also cites to **Petula v. Mellody**, 588 A.2d 103 (Pa.Cmwlth. 1991),[5] wherein our sister court found the plaintiff set forth a *prima facie* claim of defamation. In that case, the trial court granted a demurrer, in part, on the basis the plaintiff did not set forth with sufficient specificity to whom the alleged defamatory statements were published. There, the plaintiff averred in his complaint that defamatory statements about him were made by the defendants to "representatives and board members" of certain named school districts (including St. Michael's and Wyoming Valley West). While the Commonwealth Court noted it "would have been preferable to identify the third parties by name, the identification of the third parties [was] not so vague as to warrant sustaining a demurrer." **Petula**, 588 A.2d at 417.

In so ruling, the Commonwealth Court distinguished the pleading in **Petula** from the pleading in a separate case, **Raneri v. DePolo**, 441 A.2d 1373 (Pa.Cmwlth. 1982), wherein the plaintiff alleged the defendant made defamatory statements about him to "third parties." In **Raneri**, the Commonwealth Court held the complaint failed "to allege with particularity the identity of the persons to whom the statements were made[,]" and thus, the

---

[5] "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa.Super. 2010) (quotations marks, quotation, and citation omitted).

Court affirmed the trial court's entry of preliminary objections in the nature of a demurrer.

In the case *sub judice*, although Mr. Reed referenced in his complaint that Ms. Pray made statements of a defamatory nature "publicly," "outside of Borough Council meetings," "to citizens and residents," and "to neighbors," his complaint did not, as he now alleges in his appellate brief, suggest that Ms. Pray made the statements specifically as she was entering or exiting Borough Council meetings. Mr. Reed's Complaint, filed 4/9/16, at 4-7, ¶¶ 14-16, 26.

In any event, assuming, *arguendo*, this is a fair inference from his complaint, and we accept it as true under our standard of review, **see Rubin**, **supra**, such a general averment does not set forth a *prima face* case of defamation under the circumstances of this case. Simply put, Mr. Reed's averment that Ms. Pray made statements of a defamatory nature as she was entering or exiting Borough Council meetings at some unidentified time over the past year is too vague to state a cause of action for defamation. We conclude that the pleading in this case is more akin to that in **Raneri**, **supra**, wherein the Commonwealth Court held the identification of "third parties" was insufficient. **See id.** In fact, we note the complaint in the case *sub judice* does not include any averments as to the specific dates of the subject Borough Council meetings or that any citizens or residents were even within earshot of Ms. Pray and/or heard Ms. Pray make the statements. Accordingly, we agree

with the trial court that Mr. Reed's defamation count fails to allege with sufficient particularity the identity of persons to whom the statements were made, which is an essential element of an actionable defamation claim.[6] **See id.**

In his final claim,[7] Mr. Reed contends the trial court erred in dismissing his claim for invasion of privacy. Specifically, he argues:

> [Ms. Pray's] Motion for Judgment on the Pleadings did not challenge Count I of the Complaint (the "Invasion of Privacy" Count); instead, [Ms. Pray's] Motion concentrated exclusively on asserting that [Mr. Reed] did not plead his Count II defamation claims with requisite specificity as to the time, as to the content of what was said, or as to the persons to whom the defamatory statements were allegedly published.
>
> ***
>
> Since she raises no legal issues concerning Count I of the Complaint, sounding in "Invasion of Privacy," even the dismissal

---

[6] We specifically note that Mr. Reed's averments that Ms. Pray made defamatory statements to unidentified neighbors, who then repeated the statements to Mr. Reed as he was walking his dog in the late afternoon, is too vague to set forth a *prima facie* case of defamation. **See Joseph**, **supra**; **Raneri**, **supra**. Further, his general averment that Ms. Pray's "charges" resulted in "publicity" and "negative attention in or from the news media" does not set forth a *prima facie* case of defamation. Mr. Reed's Complaint, filed 4/9/16, at ¶ 15. Unlike in **Smith**, Mr. Reed did not attach any articles or provide further information as to the content of the communications or the dates of the publication.

[7] In light of our holding that Mr. Reed did not set forth a *prima facie* case of publication for defamation, we find it unnecessary to address Mr. Reed's second claim; *to wit*, whether this Court should uphold a "continuing tort for defamation" so that a plaintiff may be fairly compensated for harm suffered prior to the one year statute of limitations.

of Count II of the Complaint does not remove Count I from consideration.

Mr. Reed's Brief at 33-34.

We have reviewed Ms. Pray's motion for judgment on the pleadings, and we agree with the trial court that Ms. Pray challenged in her motion the specificity of Mr. Reed's pleading as to both defamation and invasion of privacy, as well as whether he met the applicable statute of limitations as to both claims. Thus, Mr. Reed had notice that Ms. Pray was seeking judgment on the pleadings as to both claims[8] and, without further development of the issue on appeal by Mr. Reed, we find no error.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/18

---

[8] In fact, in her motion, Ms. Pray specifically "request[ed] that th[e] [trial] court enter judgment in her favor and against [Mr. Reed] and dismiss [Mr. Reed's] Complaint with prejudice." Ms. Pray's Motion for Judgment on the Pleadings, filed 1/25/18.